UNITED STATES DISTRICT COURT OF THE DISTRICT OF RHODE ISLAND

Taylor
v.
Duffy, et al

2018 OCT -4 A 10: 51

CA no. 18-436-WES-PAS
Amended COMPLAINT

## I. JURISDICTION & VENUE

1. This is a civil action authorized by 42 U.S.C. Section 1985 to redress the deprivation, under the color of state general law, of rights secured by the Constitution of the United States. The court has jurisdiction under 28 U.S.C. Section 1331 and 1343(a)(3). Plaintiff Taylor is seeking declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202. Plaintiff Taylor's claims for injunctive relief are authorized by 28 U.S.C. Section 2283 & 2284 and Rule 65 of the Federal Rules of Civil Procedure.

2. The District of Rhode Island is an appropriate venue under 28 U.S.C. section 1391(b)(2) because it is where the events giving rise to this claim occured.

## II. PLAINTIFF

3. Plaintiff Taylor, Lemuel O., is herein mentioned Inmate at the Rhode Island Department of Corrections.

## III. DEFENDANTS

4. Captain Duffy is employed by the RIDOC and is responsible for the safety and orderly running of the facility.

5. Warden Aceto is employed by the RIDOC and is responsible for the safety and orderly running of the facility.

6. Investigator Figueroa is employed by the RIDOC and is responsible for investigating all or any in-house matters concerning inmates.

7. Leiutenant Amaral is employed by the RIDOC and is responsible for the safety and orderly running of the facility.

8. CO Bastine, CO Barber, CO Craig, CO Marvillie, CO Calise, CO Porter, CO Spadoni, CO Rodriguez are employed by the RIDOC and are responsible for safety and the orderly running of the facility.

9. Teresa Berubé and Lynn Diggins are employed by the RIDOC and are responsible for in-house social services and mental health services.

10. Director Patricia Coyne-Fague is the director of the RIDOC and is responsible for the administation of the department of corrections.

11. Each defendant is sued individually and in their official capacity. At all times mentioned in this complaint each defendant acted under the color of state general laws.

## IV FACTS

12. Plaintiff Taylor is and remains an out-of-state inmate transferred from Kansas Corrections to the RIDOC late August of 2017.

13. Defendant Craig orchestrated an assault led by two inmates on my person when he told said inmates, and others, a malicious slander, that I was a out of state "snitch" and was "working with" investigators in September of 2017.

14. Upon my arrival to Maximum Security I was accosted and propositioned by Defendant Duffy to become his "snitch" and after a stern and firm refusal he consistently harrassed my, first by destroying a bulk of my legal work, legal mail, personal mail, pictures, personal property such as: TV, Radio, Headphone, Boots, Clothes

and once I would voice a complaint or ask for the justification behind his actions I would be sent to isolation or disciplinary confinement.

15. During one of my stay in DCU during the month of December 2017 Defendant Bastine, during a heated argument, revealed to me his tattoo of a noose and informed me that it represented "hang nigger", when I told him that I would "write his ass up" he laugh, needless to say investigators said my complaint was "unfounded".

16. After returning to general population during the Month of January 2018 Defendant Barber accused me of being a "snitch" in the day room area and threatened to break my jaw, then he conduct a cell search which led to the loss and damage of my cosmetics and garments.

17. I reported the above stated incident to Defendant Amaral who told me that he would investigate, yet later that night Defendant Barber returned to the day and resumed his harrassment.

18. After arriving in High Security, during the month of April 2018 Defendant Marvillie escorted me to the dentist; once on the dentist chair he began to compliment me on my muscular

definition then proceeded to carress and squeeze my bi-ceps, which I told him to "stop touching me", which he did, then repeated leery remarks and continued touching me, which I then reported only to learn that this officer has several reprimands for this type of behavior.

19. Late July 2018 Defendant Calise moved my property to another cell with duely informing and left my legal work in said cell the moved a highly volatal inmate into the cell and began to read my legal work and accuse me of being a "snitch"; said inmate made several open threats which were brought to the attention of Defendants Porter, Calise, Spadoni, Teresa Berubé, Lynn Diggins and SIU Investigators, yet this inmate still managed to assault me in the beginning of August.

20. Defendant Rodriguez continuously loses or misplaces my property and legal work as the property room officer and all attempts to redress my grievences have been denied.

21. All attempt to contact Defendants Aceto and Coyne-Fague have been met with denials or complete indifference at my attempts to redress my grievences.

## V. LEGAL CLAIMS

22. Plaintiff realleges and incorporate by reference paragraphs 1-21.

23. Defendant Craig is liable for causing Plaintiff "a-typical-and-significant hardship" for using inflammatory language that result in my person beginning assaulted in violation of the 8th amendment.

24. Defendant Duffy is liable for destroying my property without my consent or due process of the law in violation of the 14th amendment and causing emotional distress through harrassment in violation of the 8th amendment.

25. Defendant Bastine is liable for causing emotional distress through threats and the use of graphic language with the intent to intimidate in violation of the 8th amendment.

26. Defendant Barber is liable for causing emotional distress through the use of threats and graphic language with the intent to intimidate and harrass in violation of the 8th amendment.

27. Leiutenant Amaral is liable for negligence, he had been informed of Defendant Barber's

actions.

28. Defendant Marvillie is liable for sexual harrassment and unwanted touch.

29. Defendants Calise, Porter, Spadoni, Teresa Berubé, Lynn Diggins, Investigator Figueroa are liable for negligence which resulted in the assault of Plaintiff Taylor.

30. Defendant Rodiguez is liable for the loss of my property.

31. Defendants Aceto and Coyne Fagere are both liable for negligence which continues to result in Plaintiff's significant hardship, assaults on his person and loss of property.

32. All Defendants are liable for depriving Plaintiff of right under the general laws which are fictitious laws that mean solely for corporations

## VI Prayer For Relief

33. WHEREFORE, Plaintiff respectfully prays that this court enter judgment:

34. Grant a declaration that the acts and

omissions described herein violate Plaintiff's rights under the Constitution of the United States, and

35. A preliminary injunction ordering defendants Bastine, Barber and Marvillie to cease their various forms of harrassment, and

36. A permanent injunction ordering defendants Coyne-Fague and Aceto to transfer Plaintiff to Virginia corrections; and

37. Grant Plaintiff compensatory damages in the amount of $75,000 against each defendant, jointly and severally, and

38. Grant Plaintiff punitive damages in the amount of $75,000 against each defendant, jointly and severally, and

39. Plaintiff seeks a jury trial on all triable issues before a jury, and

40. Any additional relief this court deems just, proper, and equitable.

Dated: September 29, 2018

Respectfully Submitted,

x *Lemuel O. Taylor*
Lemuel O. Taylor (Prose)
157066
PO Box 8200
Cranston RI 02920


Prepare by:

x *Victor A. Tavares*
Victor A. Tavares (Next-Friend Counsel)
129455
PO Box 8200
Cranston RI 02920

## Verification

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

x *Lemuel O. Taylor*                Dated: Sept. 29, 2018
Lemuel O. Taylor