UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| LEMUEL O. TAYLOR, *pro se*, <br> *Plaintiff* <br><br> v. <br><br> WALTER DUFFY; *et al.*, <br> *Defendants* | C.A. No.: 1:18-cv-00436-WES-PAS <br><br> JURY TRIAL DEMANDED |

## RIDOC DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION TO APPOINT COUNSEL

NOW COME Defendants the State of Rhode Island, Department of Corrections ("RIDOC"); Walter Duffy, in his individual capacity and official capacity as a Captain at RIDOC ("Duffy"); Patricia Coyne-Fague, in her individual capacity and official capacity as the Director of RIDOC ("Coyne-Fague"); Jeffrey Aceto, in his individual capacity and official capacity as a Lieutenant at RIDOC ("Aceto"); Justin Amaral, in his individual capacity and official capacity as a Lieutenant at RIDOC ("Amaral"); Nuno Figueirdo, in his individual capacity and official capacity as an Investigator at RIDOC ("Figueirdo"); Dante Marovelli, III, in his individual capacity and official capacity as a Correctional Officer at RIDOC ("Marovelli"); Robert Barber, in his individual capacity and official capacity as a Correctional Officer at RIDOC ("Barber"); Brian Bastien, in his individual capacity and official capacity as a Correctional Officer at RIDOC ("Bastien"); Moses Craig, in his individual capacity and official capacity as a Correctional Officer at RIDOC ("Craig"); CO Calise, in their official capacity as a Correctional Officer at RIDOC ("Calise"); CO Rodriguez, in their official capacity as a Correctional Officer at RIDOC ("Rodriguez"); CO Spadoni, in their official capacity as a Correctional Officer at RIDOC ("Spadoni"); CO Porter, in their official capacity as a Correctional Officer at RIDOC ("Porter");

Lynn Diggins, in her official capacity an employee of RIDOC ("Diggins"); and, Teresa Berube, in her official capacity as an employee of RIDOC ("Berube") (collectively, "RIDOC Defendants") and hereby objects to Plaintiff Lemuel O. Taylor's ("Plaintiff" or "Taylor") Motion to Appoint Counsel, ECF 26. Defendants submit that this Honorable Court has entertained and denied Plaintiff's motion for appointment of counsel on a prior occasion in this case and no exceptional circumstances exist to warrant the appointment of free legal counsel in this civil action. The current motion should be denied and dismissed. A Memorandum of Law is attached hereto in opposition to Plaintiff Taylor's Motion.

WHEREFORE, RIDOC Defendants pray that the instant motion is denied.

Respectfully Submitted,

RIDOC Defendants
by their attorney,

PETER F. NERONHA
ATTORNEY GENERAL

*/s/ Matthew Shaw*
*/s/ Justin Sullivan*
Matthew I. Shaw, Esq. (#7325)
Special Assistant Attorney General
Justin J. Sullivan, Esq. (#9770)
Special Assistant Attorney General
Rhode Island Office of the Attorney General
150 S. Main St., Providence, RI 02903
Tel: (401) 274-4400 | Ext. 2226 / 2007
mshaw@riag.ri.gov
jjsullivan@riag.ri.gov

Dated: February 5, 2019

## **CERTIFICATE OF SERVICE**

      I hereby certify that on Tuesday, February 05, 2019 I filed the within document via the ECF filing system and that a copy is available for viewing and downloading. I further certify that on Tuesday, February 05, 2019 I mailed a true and accurate copy of the within document via U.S. First Class mail, postage prepaid, to the following:

Lemuel O. Taylor, *pro se* (Inmate 157066)
P.O. Box 8200
Cranston, RI 02920

                                                  */s/ Karen M. Ragosta*

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

LEMUEL O. TAYLOR, *pro se*,
    *Plaintiff*

v.

WALTER DUFFY; *et al.*,
    *Defendants*

C.A. No.: 1:18-cv-00436-WES-PAS

**JURY TRIAL DEMANDED**

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO APPOINT COUNSEL

NOW COME Defendants the State of Rhode Island, Department of Corrections ("RIDOC"); Walter Duffy, in his individual capacity and official capacity as a Captain at RIDOC ("Duffy"); Patricia Coyne-Fague, in her individual capacity and official capacity as the Director of RIDOC ("Coyne-Fague"); Jeffrey Aceto, in his individual capacity and official capacity as a Lieutenant at RIDOC ("Aceto"); Justin Amaral, in his individual capacity and official capacity as a Lieutenant at RIDOC ("Amaral"); Nuno Figueirdo, in his individual capacity and official capacity as an Investigator at RIDOC ("Figueirdo"); Dante Marovelli, III, in his individual capacity and official capacity as a Correctional Officer at RIDOC ("Marovelli"); Robert Barber, in his individual capacity and official capacity as a Correctional Officer at RIDOC ("Barber"); Brian Bastien, in his individual capacity and official capacity as a Correctional Officer at RIDOC ("Bastien"); Moses Craig, in his individual capacity and official capacity as a Correctional Officer at RIDOC ("Craig"); CO Calise, in their official capacity as a Correctional Officer at RIDOC ("Calise"); CO Rodriguez, in their official capacity as a Correctional Officer at RIDOC ("Rodriguez"); CO Spadoni, in their official capacity as a Correctional Officer at RIDOC ("Spadoni"); CO Porter, in their official capacity as a Correctional Officer at RIDOC ("Porter");

1

Lynn Diggins, in her official capacity an employee of RIDOC ("Diggins"); and, Teresa Berube, in her official capacity as an employee of RIDOC ("Berube") (collectively, "RIDOC Defendants") and hereby file this Memorandum of Law in Opposition to Plaintiff Lemuel O. Taylor's ("Plaintiff" or "Taylor") Motion to Appoint Counsel, ECF 26. As grounds therefore, RIDOC Defendants assert that this Honorable Court has entertained and denied Plaintiff's motion for appointment of counsel on a prior occasion in this case and no exceptional circumstances exist to warrant the appointment of free legal counsel in this civil action. Therefore, RIDOC Defendants pray that this Honorable Court deny Plaintiff Taylor's Motion to Appoint Counsel.

## FACTS AND TRAVEL

Plaintiff first moved for this Court to appoint him counsel in this civil action on August 9, 2018, ECF 3, which this Court denied via text order on September 24, 2018, ordering that:

> Plaintiffs Motion for Appointment of Counsel (ECF No. 3) is denied without prejudice. There is no constitutional right to free counsel in a civil case. DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991). To qualify for this scarce resource, a party must be indigent and exceptional circumstances must exist such that the denial of counsel will result in fundamental unfairness impinging on the partys [sic] due process rights. Choksi v. Trivedi, 248 F. Supp. 3d 324, 328 (D. Mass. 2017) (citing DesRosiers, 949 F.2d at 23). Plaintiffs indigence has not yet been established as his prisoner trust fund account statement has not been provided to the Court. Further, in my report and recommendation issued today, I found Plaintiffs complaint to be deficient and recommended that it be dismissed unless he files an amended complaint curing those deficiencies and stating a plausible claim for relief. Accordingly, at this phase of the case, the exceptional circumstances that justify appointment of counsel in a civil case are not present. So Ordered by Magistrate Judge Patricia A. Sullivan on 9/24/2018. (Saucier, Martha) (Entered: 09/24/2018)

See TEXT ORDER denying Motion to Appoint Counsel, ECF 3. On January 14, 2019 RIDOC Defendants filed a Motion to Dismiss, arguing that the Plaintiff failed to exhaust his administrative remedies as required under the Prison Litigation Reform Act and failed to state a claim upon which relief may be granted. See Def. Mot. Dismiss, ECF 25. Plaintiff again filed another motion to appoint

2

counsel in this civil action on January 22, 2019, which is now pending before this Court. Another inmate housed at RIDOC, Victor Tavares ("Inmate Tavares"), whom Plaintiff refers to as his "jailhouse lawyer"[1] throughout his pleadings, motions, and *ex parte* letters to the Court, contemporaneously filed an "Entry of Appearance" on behalf of Plaintiff. See ECF 29, Order Returning Entry of Appearance. The Court promptly rejected the "Entry of Appearance" filed by Inmate Tavares,[2] pursuant to D.R.I. LR Gen 26 and Fed. R. Civ. P. 17(a). See id. Shortly thereafter, on February 4, 2019, Plaintiff sent another *ex parte* letter to the Court again requesting the appointment of a lawyer in this civil action.

## ARGUMENT

Plaintiff's Motion fails to justify his request that this Court alter or amend its decision and also fails to justify his renewed request for the appointment of counsel. Plaintiff filed this lawsuit and has been continuously engaged in litigating it. Moreover, Plaintiff has a history of filing and litigating similar cases against prison officials.

It is well established that "[t]here is no constitutional right to free counsel in a civil case." Clay v. Wall, No. 1:17-cv-506-WES-PAS, 2019 WL 113718, at *2 (D.R.I. Jan. 4, 2019) (citing DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991)); see also Maroni v. Pemi-Baker Reg'l Sch. Dist., 346 F.3d 247, 257 (1st Cir. 2003); King v. Greenblatt, 149 F.3d 9, 14 (1st Cir. 1998); Barkmeyer v. Wall, C.A. No. 09-430S, 2009 WL 3046326, at *1 (D.R.I. Sept. 22, 2009). In certain circumstances, a federal district court has discretion to appoint *pro bono* counsel to an indigent *pro se* litigant. See 28 U.S.C. § 1915(e)(1). However, because there is no funding mechanism for

---

[1] For the sake of clarity, Inmate Tavares is not actually a lawyer or member of the bar of this Court.

[2] This is not the first time Inmate Tavares is believed to have attempted to provide legal advice to or represent another RIDOC inmate. See Clay v. Wall, No. 1:17-cv-506-WES-PAS, 2019 WL 113718, at *2 (D.R.I. Jan. 4, 2019) ("In support of the motions, through writings purportedly authored by an unnamed 'novice jailhouse lawyer,'....") (internal citations omitted).

3

appointed counsel in civil cases, federal courts must exercise broad discretion in light of the difficulties in rationing the precious resource of volunteer lawyer services. Sai v. Transp. Sec. Admin., 843 F.3d 33, 35 (1st Cir. 2016); see also Clay, 2019 WL 113718, at *2. Therefore, the First Circuit has held that for 28 U.S.C. § 1915(e)(1) to apply, a *pro se* litigant must demonstrate "exceptional circumstances" to justify the right to a free lawyer in his or her civil case. Cookish v. Cunningham, 787 F.2d 1, 2 (1st Cir. 1986); DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991). In making the exceptional circumstances determination, the court must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the plaintiff's ability to represent himself. DesRosiers, 949 F.2d at 24; see also Clay, 2019 WL 113718, at *2.

Recently, in Clay v. Wall, the Rhode Island U.S. District Court denied the plaintiff inmate's motion to appoint *pro bono* counsel in a civil action, despite the inmate's claim that he was cognitively and intellectually impaired. 2019 WL 113718, at *1-2 (Sullivan, MJ.). In denying the inmate's motion, the court found the DesRosiers factors weighed against appointment of counsel. Id. In particular, the court noted that the inmate had overcome the defendant's motion to dismiss and participated in a Rule 16 conference, and the legal and factual issues presented in the matter were not overly complex—involving an alleged incident of excessive use of force. Clay, 2019 WL 113718, at *2. In looking at the merits of the case, the court also took into account the inmate's own conduct, which sparked the alleged incident as well as the fact that the inmate received medical attention afterwards. Id. Ultimately, the court did not find that exceptional circumstances existed and denied the motion. Id. at *2-3.

Here, as the plaintiff in a civil action, Plaintiff Taylor does not have a constitutional right to counsel. See DesRosiers, 949 F.3d at 23. Moreover, no exceptional circumstances exist to justify the appointment of counsel. See id. ("[Plaintiff] must demonstrate that he was indigent

4

and that exceptional circumstances were present such that a denial of counsel was likely to result in fundamental unfairness impinging on his due process rights."). Plaintiff has demonstrated in this case, and in another prior matter, before the U.S. District for the Eastern District of Virginia, his ability to file pleadings, affidavits, motions, and memoranda—all without the appointment of counsel and all with the resources and time available to him.[3] In this case alone, Plaintiff has already demonstrated his ability to prosecute this matter *pro se*, much like the inmate in Clay. *See* Clay, 2019 WL 113718, at *2. Plaintiff Taylor has filed a Complaint, ECF 1, a Motion to Appoint Counsel, ECF 3, an Amended Complaint citing to several constitutional provisions and statutes, ECF 8, a Motion for Leave to Proceed In Forma Pauperis, ECF 9, a second Motion to Appoint Counsel, ECF 26, a Motion for Leave to Amend, ECF 27, and an Objection to RIDOC Defendant's Motion to Dismiss with accompanying memoranda, ECF 28. Irrespective of the success of Plaintiff Taylor's motions and pleadings, the mere fact that Plaintiff Taylor drafted and filed them demonstrates his ability to pursue his claims[4] without the appointment of free legal counsel.

An examination of the complexity of the legal and factual issues weighs against Plaintiff Taylor as well. *See* Clay, 2019 WL 113718, at *2 (looking to the merits of the allegations in the complaint to determine the complexity of the factual and legal issues at stake). In looking to Amended Complaint, almost all of Plaintiff's allegations concern, in some form or another, well-established areas of constitutional law and Rhode Island tort law, ranging from the Eight Amendment to negligence. While RIDOC Defendants maintain that the Amended Complaint

---

[3] Plaintiff Taylor filed a similar suit against several county-prison officials during his incarceration at the Virginia Department of Corrections. *See Taylor v. Cole, et al.*, C.A. No. 1:00-cv-00624-LMB (E.D. Va, Apr. 24, 2003). In that case as well, Plaintiff Taylor moved unsuccessfully several times for the court to appoint counsel.

[4] That is not to say Plaintiff Taylor's Amended Complaint states a claim. As RIDOC Defendants' Motion to Dismiss is still pending before this Court, RIDOC Defendants maintain that Plaintiff Taylor's Amended Complaint fails to state a claim.

5

fails to state a claim upon which relief may be granted, *see* Motion to Dismiss, ECF 25, Plaintiff's allegations do not concern complicated or nuance areas of law. *See* Clay, 2019 WL 113718, at *2.

In sum, this Honorable Court has entertained and denied Plaintiff's motion for appointment of counsel on a prior occasion in this case and no exceptional circumstances exist to warrant the appointment of free legal counsel in this civil action. Moreover, the facts alleged concern well-established areas of constitutional and tort law and do not involve complex legal issues. Plaintiff Taylor has demonstrated to this Court and the Virginia Eastern District Court that he is more than capable of prosecuting his own claims without the need of free legal counsel in a civil action. Therefore, this Honorable Court should deny the instant motion.

## CONCLUSION

Defendants pray that this Honorable Court deny Plaintiff Taylor's Motion to Appoint Counsel, ECF 26, for the reasons set forth herein.

Respectfully Submitted,

RIDOC Defendants
by their attorney,

PETER F. NERONHA
ATTORNEY GENERAL

/s/ *Matthew Shaw*
/s/ *Justin Sullivan*
_____
Matthew I. Shaw, Esq. (#7325)
Special Assistant Attorney General
Justin J. Sullivan, Esq. (#9770)
Special Assistant Attorney General
Rhode Island Office of the Attorney General

150 S. Main St., Providence, RI 02903<br>
Tel: (401) 274-4400 | Ext. 2226 / 2007<br>
mshaw@riag.ri.gov<br>
jjsullivan@riag.ri.gov

Dated: February 5, 2019

## CERTIFICATE OF SERVICE

I hereby certify that on Tuesday, February 05, 2019 I filed the within document via the ECF filing system and that a copy is available for viewing and downloading. I further certify that on Tuesday, February 05, 2019 I mailed a true and accurate copy of the within document via U.S. First Class mail, postage prepaid, to the following:

Lemuel O. Taylor, *pro se* (Inmate 157066)
P.O. Box 8200
Cranston, RI 02920

<em>/s/ Karen M. Ragosta</em>