UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF RHODE ISLAND

LEMUEL O. TAYLOR,
    *Plaintiff,*
v.

PATRICIA A. COYNE-FAGUE, et al.
    *Defendants.*

C.A. No.: 18-436

### MEMORANDUM IN SUPPORT OF PLAINTIFF'S OBJECTION

Now comes, Plaintiff in the above-captioned matter, and hereby objects to Defendants' Motion to Dismiss (ECF 40). As reasons wherefore, Plaintiff states as follows.

1. **INTRODUCTORY**

Plaintiff's Second Amended Complaint (ECF 39-1) plausibly alleges ample facts to support his claims against Defendants for violations of Plaintiff's clearly established constitutional rights redressable through 42 U.S.C. §1983. Therefore, Defendants' Motion must be denied.

2. **LAW**

A complaint should not be dismissed under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, (1957). In the context of a motion to dismiss, all inferences are taken in the plaintiff's favor, not in the defendant's favor.

3. **ARGUMENT**

Defendants make essentially two arguments: (i) that Plaintiff's Second Amended Complaint fails to allege facts sufficient to support *some* of Plaintiff's claims[1]; and (ii) that

---

[1] Nota bene: Defendants implicitly acknowledge that Plaintiff has sufficiently plead failure to protect by not challenging these claims Plaintiff's Second Amended Complaint.

1

Defendants are entitled to an immunity defense because they did not know that the challenged conduct was violative of Plaintiff's constitutional rights. As outlined below, both of Defendants' arguments must fail.

### a. <u>Rule 12(b)(6) Presents No Obstacle to Plaintiff's Eighth Amendment Claims— Failure to Protect</u>

Plaintiff's Second Amended Complaint (ECF 39-1) alleges ample facts to support Eighth Amendment claims against at least six (6) named defendants.

A prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment. <u>Farmer v. Brennan</u>, 511 U.S. 825, 828 (1994). It follows that prison officials are thereby required to protect inmates from a substantial risk of harm at the hands of fellow inmates. <u>Id.</u>, at 833. In the context of a failure to protect claim, malice or wrongful intent is not required—a prison official has sufficient culpable intent "if he has knowledge that an inmate faces a substantial risk of serious harm and he disregards that risk by failing to take reasonable measures to abate the harm." <u>Kelley v. Wall</u>, U.S. Dist. LEXIS 134373, at *6 (D.R.I. Nov. 30, 2010). As to the knowledge element, a plaintiff need not produce direct evidence of the official's knowledge but rather may rely on circumstantial evidence. <u>Adames v. Perez</u>, 331 F.3d 508, 512 (5th Cir. 2003).

It is crucial to note that the requisite "substantial risk" need not come to fruition in order for an inmate to seek relief: in the First Circuit an inmate does not have to wait until he suffers an attack to demonstrate an Eighth Amendment violation. <u>Purvis v. Ponte</u>, 929 F.2d 822, 825 (1st Cir. 1991). Psychological harm alone can be sufficient to invoke the Eighth Amendment. <u>Hudson v. McMillian</u>, 503 U.S. at 16-17 (1992)(Blackmun, J., concurring in the judgment).

Here, Plaintiff alleges that Defendants acted with deliberate indifference to the danger he faced by being labeled a "snitch." As Plaintiff clearly states, for an inmate to be labeled as a

"snitch" puts the inmate "at especially high risk of serious bodily injury." (ECF 39-1, ¶ 16). This bit of commonsense has been recognized by our courts. Kelley at *8; Benefield v. McDowall, 241 F.3d 1267, 1271 (10th Cir. 2001); Harmon v. Berry, 728 F.2d 1407, 1409 (11th Cir. 1984). Plaintiff's Second Amended Complaint is replete with allegations of Defendants "snitch-jacketing[2]"

Plaintiff alleges that shortly after his arrival in Rhode Island, Defendant CO Craig called Plaintiff an "out-of-state snitch" in the presence of a group of inmates with gang affiliations known to RI DOC, and that Craig implied Plaintiff was already cooperating with RI DOC Special Investigations Unit (SIU). (ECF 39-1, ¶19). Plaintiff further alleges that this "malicious and reckless disclosure" caused Plaintiff to be assaulted by several inmates that same day. Id., ¶ 20.

It strains credulity for any correctional officer to deny knowledge of the fact that snitch-jacketing puts an inmate at substantial risk of serious harm. This is particularly true of Plaintiff's allegations against Defendant Craig—i.e., that the "snitch" label was applied to Plaintiff in the presence of inmates with gang affiliations known to RI DOC. Even if the premise were plausible in the first instance, which it is not, the fact that, on numerous occasions, inmates who witnessed Defendants call Plaintiff a snitch then wound up attacking Plaintiff so close in time to the overt snitch-jacketing event, completely undermines any purported ignorance defense. Put plainly,

---

[2] "Snitch jacket" is a phrase connoting a reputation for being an informant. It is not an actual jacket (as in a garment). Jacket comes from the "file jackets" that were used by the authorities prior to computerization of records. The phrase finds its roots in the fear of the unwritten code that exhorts prisoners not to inform on a fellow prisoner. White v. Fox, 470 F. App'x 214, 216 n.1 (5th Cir. 2012)

that inmates who overheard a CO call Plaintiff a snitch then assaulted Plaintiff shortly after the snitch-jacketing event *speaks for itself* as to the substantial risk of harm created.

Therefore, Defendants cannot deny that the conduct complained of created a substantial risk of serious harm about which Defendant COs knew or should've known. The second prong is satisfied by Plaintiff's allegation that Defendant Craig uttered statements expressing ill will toward Plaintiff—"I don't like you; I don't like Virginia inmates" coupled with the fact that nothing was done to protect Plaintiff in light of the risk they created. Id., ¶ 18. Here, the fact of the harm to Plaintiff tends to show Defendants' indifference or disregard for the risk.

As to Defendant Figueiredo, Plaintiff alleges thusly: That, while Plaintiff was shackled wrists to waist, this SIU officer wrote his direct phone number on Plaintiff's arm with an ink pen, in such a large font and location that it would be visible to other inmates, Id., ¶ 26; That the SIU phone number is well known by the inmate population as the "snitch hotline", Id., ¶ 27; That Plaintiff complained to a superior officer (Defendant Aceto) about the incident, Id., ¶ 30; That Defendant Aceto responded with indifference (no corrective action; "I know who you are, and I don't like you"), and malice ("Aceto made things worse for Plaintiff"; "I know who you are, and I don't like you.", and; that this was a "practical license" for continued mistreatment and abuse to be visited upon Plaintiff's head. Id., ¶¶ 31-32.

As to Defendant Barber, Plaintiff alleges that Defendant called him a "snitch" in front of many other inmates, and then made various threats to personally inflict violence upon Plaintiff and that he could do so with impunity. Id., ¶ 33. Further, Plaintiff reported the incident to the Lieutenant on duty, but rather than undertaking any protective action, Defendant Barber was permitted to return to Plaintiff's cell that same night and cause Plaintiff "great anxiety and fear for his safety," in addition to the wanton destruction of Plaintiff's property. Id., ¶ 35.

As to Defendant Calise, Plaintiff alleges that Defendant permitted a particularly dangerous inmate access to Plaintiff's legal papers in violation of DOC policy, which caused the inmate to label Plaintiff a "snitch" and openly threaten Plaintiff's safety, which caused Plaintiff "great fear" Id., ¶¶ 36-37. While this incident, and Plaintiff's concomitant fears, were reported to DOC officials, no protective or corrective actions were taken, and this very inmate assaulted and battered Plaintiff shortly thereafter. Id., ¶¶ 37-39.

As to Defendant Duffy, Plaintiff alleges, *inter alia*, that Captain Duffy repeatedly had Plaintiff's cell searched without basis, meaningful property destroyed, and subjected him to racist abuse in retaliation for filing complaints as to conduct of other COs, some of which is detailed throughout Plaintiff's Second Amended Complaint. (ECF 39-1, ¶21-23). While Plaintiff may not enjoy Fourth Amendment interests in his cell and the property therein contained, our High Court has suggested that "calculated harassment unrelated to prison needs" invokes an inmate's Eighth Amendment protections. Hudson v. Palmer, 468 U.S. 517, 530 (1984).

As to Defendant Bastien, Plaintiff alleges that Defendant openly accused Plaintiff of being a snitch, that Defendant hated him because of his race, that Defendant voiced malice and a desire to cause Plaintiff's death by hanging. Id., ¶ 42. Plaintiff further alleges that he filed a grievance over this incident, but no corrective or protective action was taken. Id., ¶ 45.

As to Defendant Marville, Plaintiff alleges that Defendant committed actions which amount to battery and sexual assault under state law. Plaintiff alleges that this conduct caused him great psychological harm, that he complained of the conduct, and that nothing was done to curtail or otherwise protect Plaintiff. Id., ¶¶ 46-50.

The substantial risk of serious harm is precisely what gives a CO leverage over an inmate by threatening to represent an inmate as cooperating with law enforcement. Therefore, it is implicit in Plaintiff's allegations of snitch-jacketing that the state actors are subjectively aware of the substantial risk created by their actions. Therefore, Plaintiff's allegations sufficiently state Eight Amendment claims under controlling law.

### b. **Defendants are Not Entitled to an Immunity Defense**

Defendants cannot avail themselves of the doctrine of qualified immunity because their conduct, as alleged in Plaintiff's Second Amended Complaint, violates Plaintiff's clearly established constitutional rights. Defendants cannot sincerely contend that any of the CO defendants were unaware that snitch-jacketing creates a substantial risk of serious harm or that doing nothing about that risk was constitutionally permissible. Such a claim to ignorance would be utterly incredible.

As alleged in Plaintiff's Second Amended Complaint, and discussed above, Plaintiff has in fact alleged facts sufficient to support Eighth Amendment violations against Defendants. As argued above, it would be utterly incredible for any Defendant correctional officers/DOC officials to claim ignorance of the fact that labeling an inmate as a "snitch" subjects that inmate to substantial risk of serious harm. Therefore, Plaintiff's Eighth Amendment claims survive and Defendants' are not entitled to any immunity defense.

### c. **Plaintiff Alleges Fourteenth Amendment Equal Protection Violations – Privileges and Immunities**

Plaintiff alleges that in several instances the treatment described above and throughout his Second Amended Complaint constituted disparate treatment on the basis of his being from Virginia. As such, Defendants' conduct would be violative of Plaintiff's Fourteenth Amendment

right to equal protection of the laws. Therefore, Plaintiff's equal protection claims survive Rule 12(b)(6).

4. **CONCLUSORY**

Defendant's Motion must be denied and dismissed, for the reasons stated above, as Plaintiff's Second Amended Complaint alleges facts sufficient to support his constitutional claims, and the doctrine of qualified immunity provides no shelter for Defendant correctional officers in this case.

|  |  |
|---|---|
| | Respectfully Submitted,<br>LEMUEL O. TAYLOR<br>By his attorney: |
| Dated: February 26, 2020 | /s/ *Jesse W. Duarte, Esq.*<br>Jesse W. Duarte, Esq., #8978<br>DUARTE LAW FIRM, LLC<br>55 Pine Street<br>Providence, RI 02903<br>P: 401.323.7240<br>F: 401.256.5173<br>JWD@401NOTGUILTY.COM |

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that the within Objection and Memorandum were filed through the ECF system on February 26, 2020, and that notice will be sent electronically to all counsel who are registered participants identified on the mailing information for C.A. No.: 18-436.

/s/ *Jesse W. Duarte*