UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| **LEMUEL O. TAYLOR**,<br>　*Plaintiff*<br><br>v.<br><br>**PATRICIA COYNE-FAGUE,** alias, in her official capacity as Director of the Rhode Island Department of Corrections;<br>**STATE OF RHODE ISLAND**, by and through its treasurer Seth Magaziner;<br>**JEFFREY ACETO**, individually and in his official capacity as Warden at the Department of Corrections;<br>**WALTER DUFFY**, individually and in his official capacity as correctional officer at the Department of Corrections;<br>**STEVEN CALISE**, individually and in his official capacity as correctional officer at the Department of Corrections;<br>**CO NUNO FIGUEIREDO**, individually and in his official capacity as correctional officer at the Department of Corrections;<br>**CO BASTIEN**, individually and in his official capacity as correctional officer at the Department of Corrections;<br>**CO BARBER**, individually and in his official capacity as correctional officer at the Department of Corrections;<br>**CO MARVILLE**, individually and in his official capacity as correctional officer at the Department of Corrections;<br>**CO CRAIG**, individually; and in his official capacity as correctional officer at the Department of Corrections<br>**JOHN DOES 1 – 5**, alias, individually and in their official capacity as correctional officers at the Department of Corrections.<br><br>　*Defendants* | C.A.: 1:18-cv-00436-MSM-PAS<br><br>**ANSWER TO SECOND<br>AMENDED COMPLAINT** |

1

## DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT

**NOW COME**, the Defendants, the State of Rhode Island, the Rhode Island Department of Corrections, Patricia Coyne-Fague[1], Jeffrey Aceto, Walter Duffy, Steven Calise, CO Nuno Figueiredo, CO Bastien, CO Barber, CO Craig, and CO Marville, in both their individual and official capacities, (hereinafter, the "Defendants") and hereby Answer Plaintiff, Lemuel Taylor's, (hereinafter, the "Plaintiff" Second Amended Complaint, ECF 41, as follows:

### *Preliminary Statement*

1. Paragraph 1 of the Second Amended Complaint asserts a summary of the case and legal conclusions for which no response is necessary. To the extent Paragraph 1 alleges facts adverse to the Defendants, they are denied.

### JURISDICTION AND VENUE

2. Paragraph 2 of the Second Amended Complaint asserts a legal conclusion to which no response is necessary. To the extent Paragraph 2 alleges facts adverse to the Defendants, they are denied.

3. Paragraph 3 of the Second Amended Complaint asserts a legal conclusion to which no response is necessary. To the extent Paragraph 3 alleges facts adverse to the Defendants, they are denied.

4. Paragraph 4 of the Second Amended Complaint asserts a legal conclusion to which no response is necessary. To the extent Paragraph 4 alleges facts adverse to the Defendants, they are denied.

### *Jury Trial Demanded*

5. Paragraph 5 of the Second Amended Complaint requests a jury trial to which no response

---

[1] By Stipulation between the parties, and entry by this Court, claims against Defendant Patricia Coyne-Fague in her individual capacity have been dismissed. See Text Order dated July 10, 2020.

is necessary.  To the extent Paragraph 5 alleges facts adverse to the Defendants, they are denied.

## PARTIES

6. Admitted only that at all times material Plaintiff was incarcerated at the Adult Correctional Institutions, Cranston, Rhode Island.

7. Admitted only that, at all times pertinent, Defendant Coyne-Fague was Director of the Rhode Island Department of Corrections.  Denied as to all remaining allegations asserted in Paragraph 7 of Plaintiff's Second Amended Complaint.

8. Admitted only that, at all times pertinent, Defendant Aceto was Warden of the Maximum Security facility.  Denied as to all remaining allegations asserted in Paragraph 8 of Plaintiff's Second Amended Complaint.

9. Admitted only that Defendant, Department of Corrections, is established by the Rhode Island General Laws.  Denied as to all remaining allegations asserted in Paragraph 9 of Plaintiff's Second Amended Complaint.

10. Admitted only that the named Defendants in Paragraph 10 of the Second Amended Complaint, were, at all times pertinent, employees of the Department of Corrections.  Denied as to all remaining allegations asserted in Paragraph 10 of the Second Amended Complaint.  Defendants make no response relative to the John Does referred to in Paragraph 10 of the Second Amended Complaint, as those individuals have not been identified.

11. Paragraph 11 of the Second Amended Complaint defines the term "Defendant" and no response is necessary.  To the extent Paragraph 11 of the Second Amended Complaint alleges facts adverse to the Defendants, they are denied.

12. Paragraph 12 of the Second Amended Complaint defines the terms "CO" and "Correctional Officer" and no response is necessary. To the extent Paragraph 12 of the Second Amended Complaint alleges facts adverse to the Defendants, they are denied.

13. Paragraph 13 of the Second Amended Complaint defines the use of the term "individual Defendants" and no response is necessary. To the extent Paragraph 13 of the Second Amended Complaint alleges facts adverse to the Defendants, they are denied.

14. Paragraph 14 of the Second Amended Complaint asserts the uncertainty of unknown individuals identified as "John Does" and no response is required. To the extent Paragraph 14 of the Second Amended Complaint alleges facts adverse to the Defendants, they are denied.

## FACTS

15. Admitted.

### *Disclosure of Cooperation of Law Enforcement*

16. Paragraph 16 of the Second Amended Complaint asserts editorial and opinion to which no response is necessary. To the extent Paragraph 16 of the Second Amended Complaint alleges facts adverse to the Defendants, they are denied.

17. Admitted.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied that Defendant Figueiredo ever extended an "invitation" in the first instance that could be declined.

26. Denied.

27. Paragraph 27 of the Second Amended Complaint asserts editorial and opinion to which no response is necessary. To the extent Paragraph 27 of the Second Amended Complaint alleges facts adverse to the Defendants, they are denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Defendants are without sufficient information to either admit or deny the allegations asserted in Paragraph 32 of the Second Amended Complaint as they go to Plaintiff's perception. To the extent Paragraph 32 of the Second Amended Complaint alleges facts adverse to the Defendants, they are denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Paragraph 38 of the Second Amended Complaint alleges facts based on a premise that has been denied. Accordingly, the facts asserted in Paragraph 38 are necessarily denied.

39. Denied.

### *Suborning Racism and Hate Crime*

40. Defendants reassert and incorporate by reference responses to Paragraphs 1 – 39 of the Second Amended Complaint as if set forth fully herein.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

### *Sexual Harassment and Battery*

46. Defendants reassert and incorporate by reference responses to Paragraphs 1 – 45 of the Second Amended Complaint as if set forth fully herein.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

### *Acting Director of the DOC*

51. Defendants reassert and incorporate by reference responses to Paragraphs 1 – 50 of the Second Amended Complaint as if set forth fully herein.

52. Defendants admit only that the Rhode Island General Laws speak for themselves relative to the allegations asserted in Paragraph 52 of Plaintiff's Second Amended Complaint. To the extent Plaintiff asserts allegations beyond the four corners of the Rhode Island General Laws, those facts are denied.

53. Defendants admit only that the Rhode Island General Laws speak for themselves relative

to the allegations asserted in Paragraph 53 of Plaintiff's Second Amended Complaint. To the extent Plaintiff asserts allegations beyond the four corners of the Rhode Island General Laws, those facts are denied.

54. Defendants admit only that the Rhode Island General Laws speak for themselves relative to the allegations asserted in Paragraph 54 of Plaintiff's Second Amended Complaint. To the extent Plaintiff asserts allegations beyond the four corners of the Rhode Island General Laws, those facts are denied.

55. Admitted only that Defendant Coyne-Fague relies on a number of DOC employees in the operation and management of the Department of Correction. Denied as to all other facts asserted in Paragraph 55 of Plaintiff's Second Amended Complaint.

### *Official Policy and Conduct of Defendant Coyne-Fague*

56. Paragraph 56 of the Second Amended Complaint asserts a legal conclusion to which no response is required. To the extent Paragraph 56 alleges facts adverse to the Defendants, they are denied.

57. Denied.

58. Paragraph 56 of the Second Amended Complaint asserts a legal theory to which no response is required. To the extent Paragraph 58 alleges facts adverse to the Defendants, they are denied.

### *Harm and Damages*

59. Defendants reassert and incorporate by reference responses to Paragraphs 1 – 58 of the Second Amended Complaint as if set forth fully herein.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

## CLAIMS TO RELIEF

### COUNT ONE

*Violation of the Right to Equal Protection, Actionable under 42 U.S.C. § 1983*

64. Defendants reassert and incorporate by reference responses to Paragraphs 1 – 63 of the Second Amended Complaint as if set forth fully herein.

65. Count One of the Second Amended Complaint has been dismissed per Order of the District Court dated June 17, 2020.  To the extent facts under this Court survive, they are denied.

### COUNT TWO

*Violation of the Right to Equal Protection under Article 1, §2 of the  
Rhode Island Constitution*

66. Defendants reassert and incorporate by reference responses to Paragraphs 1 – 65 of the Second Amended Complaint as if set forth fully herein.

67. Count Two of the Second Amended Complaint has been dismissed per Order of the District Court dated June 17, 2020.  To the extent facts under this Court survive, they are denied.

### COUNT THREE

*Violation of the Right to be Free from Unreasonable Searches and Seizures under the Fourth  
Amendment of the United States Constitution*

68. Defendants reassert and incorporate by reference responses to Paragraphs 1 – 67 of the Second Amended Complaint as if set forth fully herein.

69. Count Three of the Second Amended Complaint has been dismissed per Order of the District Court dated June 17, 2020.  To the extent facts under this Court survive, they are denied.

## COUNT FOUR

### *Battery (State Tort Claim)*

70. Defendants reassert and incorporate by reference responses to Paragraphs 1 – 69 of the Second Amended Complaint as if set forth fully herein.

71. Denied.

## COUNT FIVE

### *Violation of the Right to be Free from Cruel and Unusual Punishment under 42 U.S.C. § 1983*

72. Defendants reassert and incorporate by reference responses to Paragraphs 1 – 71 of the Second Amended Complaint as if set forth fully herein.

73. Denied.

## COUNT SIX

### *Violation of the Right of freedom from Cruel and Unusual Punishment under Article 1, §8 of the Rhode Island Constitution*

74. Defendants reassert and incorporate by reference responses to Paragraphs 1 – 73 of the Second Amended Complaint as if set forth fully herein.

75. Denied.

## COUNT SEVEN

### *Intentional Infliction of Emotional Distress (State Tort Claim)*

76. Defendants reassert and incorporate by reference responses to Paragraphs 1 – 75 of the Second Amended Complaint as if set forth fully herein.

77. Denied.

## COUNT EIGHT

### *Excessive Force (State Tort Claim)*

78. Defendants reassert and incorporate by reference responses to Paragraphs 1 – 77 of the

Second Amended Complaint as if set forth fully herein.

79. Denied.

### *Prayer for Relief*

**WHEREFORE**, Defendants respectfully request an Order of this Honorable Court denying the relief requested by Plaintiff, including that relief sought in Paragraphs 80 – 86 of the Second Amended Complaint, and further request the Second Amended Complaint, and all Counts asserted therein, be dismissed and that this Court award Defendants such other relief as it deems just and equitable including an award of attorneys' fees and costs.

### **AFFIRMATIVE DEFENSES**

Defendants assert the following Affirmative Defenses in response to the allegations and claims asserted in Plaintiff's Second Amended Complaint.

1. The Second Amended Complaint fails to state a claim upon which relief may be granted.
2. Defendants challenge adequacy of service and assert failure to properly serve as an affirmative defense.
3. Plaintiff's claims are barred by the Eleventh Amendment.
4. Plaintiff's claims are barred by the doctrine of Qualified Immunity.
5. Plaintiff has failed to exhaust administrative remedies.
6. Defendants have the benefit of the State's status as sovereign, together with all privileges, immunities, and benefits that inure to said status.
7. Defendants have the benefit of all expressed and implied exceptions to the waiver of sovereign immunity.

8. To the extent Defendants are not immune and are held liable for damages, which liability is expressly denied, the monetary limitations on damages set forth in State law should apply to the State and State officials.

9. At all times material, the State, its officers, agents, and employees, were in the exercise of due care and had in good faith duly fulfilled any and all duties owed to Plaintiff if, in fact, any duties were owed.

10. Defendants, at all times, acted reasonably, within the scope of their employment, in an authorized manner, and each in their official capacity.

11. The acts or omissions of Defendants, as alleged, were not a conscious disregard of Plaintiff's needs or rights, were not intentional or willful, and were not in violation of federal or state law.

12. The acts or omissions of Defendants, as alleged, do not constitute actual fraud, willful misconduct, or actual malice in violation of federal or state law.

13. Plaintiff is not entitled to monetary damages as against Defendants under federal or state law.

14. Plaintiff is not entitled to punitive damages as against Defendants under federal or state law.

15. Plaintiff is not entitled to an award of attorneys' fees under federal or state law.

16. Defendants reserve the right to assert such other and further affirmative defense as become known through discovery.

Respectfully submitted,

Defendants,

**PATRICIA COYNE-FAGUE,** alias, in her official capacity as Director of the Rhode Island Department of Corrections;
**STATE OF RHODE ISLAND**, by and through its treasurer Seth Magaziner;
**JEFFREY ACETO**, individually and in his official capacity as Warden at the Department of Corrections;
**WALTER DUFFY**, individually and in his official capacity as correctional officer at the Department of Corrections;
**STEVEN CALISE**, individually and in his official capacity as correctional officer at the Department of Corrections;
**CO NUNO FIGUEIREDO**, individually and in his official capacity as correctional officer at the Department of Corrections;
**CO BASTIEN**, individually and in his official capacity as correctional officer at the Department of Corrections;
**CO BARBER**, individually and in his official capacity as correctional officer at the Department of Corrections;
**CO MARVILLE**, individually and in his official capacity as correctional officer at the Department of Corrections;
**CO CRAIG**, individually; and in his official capacity as correctional officer at the Department of Corrections

By:

**PETER F. NERONHA**
**ATTORNEY GENERAL**

*/s/ Matthew I. Shaw*

_____
Matthew I. Shaw (#7325)
Special Assistant Attorney General
Rhode Island Office of Attorney General
150 S. Main Street, Providence, RI 02903
(401) 274-4400 ext. 2226
Fax No. (401) 222-3016
mshaw@riag.ri.gov

## **CERTIFICATION**

    I, the undersigned, hereby certify that on this 17th day of July, 2020, I filed and served the within document via the ECF filing system and that the same is available for viewing and downloading.

                                                     */s/ Taylor Poirier*
                                                     _____